IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

RONALD L. SECRIST,              )    CV 05-09-H-DWM
                                )
       Petitioner,              )
                                )    ORDER
   vs.                          )
                                )
MIKE MAHONEY, Warden,           )
                                )
       Respondent.              )
_____)

On May 24, 2005, United States Magistrate Judge Carolyn S. Ostby entered Findings and Recommendation in this matter (Document 5) recommending Petitioner's 28 U.S.C. § 2254 petition be denied along with a certificate of appealability. Petitioner did not timely object and has so waived the right to *de novo* review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. *McDonnell Douglas Corp., v. Commodore Bus. Mach.*, Inc. 656 f. 2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

There is no "clear error" in Judge Ostby's reasoning for recommending the denial of Petitioner's *habeas* petition and certificate of appealability. Judge Ostby correctly applies Rule

-1-

4 of the § 2254 Rules which calls for all petitions that do not plainly appear to be entitled to relief to be summarily dismissed. Petitioner's 28 U.S.C. § 2254 petition does not raise a claim for relief because it fails to meet the high standards of § 2254(d). This section permits the federal district court to grant a *habeas* petition only where the state supreme court decision was "contrary to, or involved an unreasonable application of, clearly established federal law", or was an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(1), (2). Petitioner does not meet this burden and thus his petition is denied.

As there is no federal right to parole or to access a pre-release center, Petitioner can only claim constitutional violations in the context of this petition by showing that he was not afforded the liberty of due process afforded to him by Montana statute. *See, e.g., Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1978); *Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Due process here simply means that the Parole Board's decisions must include notice of a parole hearing, a hearing itself, use of evidentiary support in making a decision, and a written statement of the reasons for finding one way or the other. *See Greenholtz*, 442 U.S. at 16; *Biggs v. Terhune*, 334 F.3d 910, 915 (9th Cir. 2003). The Parole Board met these basic guidelines in considering and

ruling on Petitioner's parole status. The decisions by the pre-release centers not to accept the Petitioner do not weigh into the constitutional violation calculus because they are not considered part of the due process. The Montana Supreme Court's decision in this matter was not contrary to, or an unreasonable application of, federal law as defined by the Supreme Court of the United States, and so Petitioner's § 2254 petition does not establish the necessary requisites for a favorable ruling by this Court.

A 28 U.S.C. § 2253(c) certificate of appealability will not be granted to Petitioner because he fails to show any violations of federal constitutional rights. There is no federal right to parole and nor is there a federal right to be placed in a prerelease center and as Petitioner adds no other reason here why his rights have been violated, granting the certificate of appealability would be quite inappropriate. *See Hohn v. United States*, 524 U.S. 236 (1998).

Based on the foregoing reasons, this Court adopts Judge Ostby's Findings and Recommendation (Document 5) in full.

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner's 28 U.S.C. § 2254 petition (Document 1) is **DENIED**.

2. A certificate of appealability is **DENIED**. The Clerk of the Court shall immediately process any Notice of Appeal which

Petitioner may choose to file.

DATED this 22nd day of June, 2006.

/s/ Donald W. Molloy
Donald W. Molloy, Chief Judge
United States District Court